## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

JOAN BAYE, *on behalf of herself and all others similarly situated*,

    Plaintiff,

    vs.

MIDLAND CREDIT MANAGEMENT, INC. AND MIDLAND FUNDING, LLC,

    Defendants.

CIVIL ACTION NO.

**CLASS ACTION COMPLAINT AND JURY DEMAND**

### NATURE OF ACTION

1.    Plaintiff Joan Baye ("Plaintiff") brings this putative class action against Defendants Midland Credit Management, Inc. ("MCM") and Midland Funding, LLC ("Midland") (collectively "Defendants") pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*

### JURISDICTION, VENUE, AND STANDING

2.    This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3.    Venue is proper before this Court under 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district.

### PARTIES

4.    Plaintiff is a natural person who at all relevant times resided in the

State of Louisiana, Parish of Terrebonne, and City of Houma.

5.      Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6.      MCM is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

7.      MCM is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

8.      Midland is an entity who acquires debt in default merely for collection purposes, and who at all relevant times was engaged in the business of directly or indirectly attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

9.      Midland is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

10.     Midland is a "debt collector" under 15 U.S.C. § 1692a(6).

11.     MCM collects debts on Midland's behalf.

## FACTUAL ALLEGATIONS

12.     Plaintiff is a natural person allegedly obligated to pay a debt.

13.     Plaintiff's alleged obligations arise from transactions in which the money, property, insurance, or services that are the subject of the transactions were incurred primarily for personal, family, or household purposes—namely, a Chase Bank account (the "Chase Debt"), a Target National Bank account (the "Target Debt"), and a Citibank account (the "Citi Debt") (together "the Debts").

14.    Defendants use instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, another.

15.    The Debts were in default when they were acquired by Midland.

16.    Midland contracted with MCM to collect the Debts.

17.    Midland was, at all times, aware of MCM's collection methods and had control over how MCM conducted itself with respect to Plaintiff.

18.    In connection with the collection of the Target Debt, MCM sent Plaintiff a written communication dated February 3, 2017 ("Target Letter").

19.    A true and correct copy of the Target Letter is attached to this complaint as Exhibit A.

20.    In connection with the collection of the Chase Debt, MCM sent Plaintiff a written communication dated February 3, 2017 ("Chase Letter").

21.    A true and correct copy of the Chase Letter is attached to this complaint as Exhibit B.

22.    MCM's Target Letter and Chase Letter provided Plaintiff with several "offers": (1) 40% off, (2) 20% off over six months, or (3) "Monthly Payments As Low As: $50 per month". Exhibit A; Exhibit B.

23.    Beneath the list of payment options, the Target Letter contained the following statement:

Benefits of Paying Your Debt
- Save $1,366.54 if you pay by 03-05-2017 -
- Put this debt behind you -
- No more communication on this account -
- Peace of mind –

Exhibit A.

24.     The Chase Letter contained the same list of payment options, but with a different purported amount of "savings." Exhibit B.

25.     The Target Letter and Chase Letter both contained the statement: "The law limits how long you can be sued on a debt and how long a debt can appear on your credit report. Due to the age of this debt, we will not sue you for it or report payment or non-payment of it to a credit bureau." Exhibit A; Exhibit B.

26.     They also stated "We are not obligated to renew any offers provided." *Ibid.*

27.     In connection with all of the Debts, MCM sent Plaintiff a communication dated March 15, 2017 (the "March Letter").

28.     A true and correct copy of the March Letter is attached to this complaint as Exhibit C.

29.     The March Letter contains a cover letter congratulating Plaintiff, stating that she "qualif[ied] for special discounts" because she has multiple accounts with MCM.  Exhibit C at 2.

30.     The cover letter refers to several "offers," discusses the "benefits" of accepting these offers, including "peace of mind," and encourages her to contact

MCM to find a "solution" that fits her budget and to "[a]ct now to maximize [her] savings and put these debts behind [her]."  Exhibit C at 2.

31.     The cover letter is followed by three, 3-page letters regarding the Target Debt, *id*. at 4-6, the Citi Debt, *id*. at 7-9, and the Chase Debt, *id*. at 10-12.

32.     Each of these letters states that Plaintiff is "**pre-approved** for a discount program designed to save [her] money." *Id*. at 4, 7, 10.

33.     They state three "options," including partial payments, and an "Offer Expiration date" of April 14, 2017. *Id*.

34.     At the bottom, they state, "The law limits how long you can be sued on a debt and how long a debt can appear on your credit report. Due to the age of this debt, we will not sue you for it or report payment or non-payment of it to a credit bureau." *Id*.

35.     A suit on the Debts are subject to a three-year prescription for open accounts under Louisiana law and is time-barred.  La. Civ. Code Ann. art. 3494.

36.     Upon information and belief, the Target Letter, the Chase Letter, and the March Letter (the "Letters") were intentionally designed to reduce the likelihood that the reader would read these disclaimers, while giving Defendants a colorable claim that their actions are lawful.

37.     The Letters are therefore deceptive and/or unfair or unconscionable.

38.     Under Louisiana law, prescription may be renounced after it has accrued, either expressly or tacitly. *See* La. Civ. Code Ann. art. 3449, art. 3450.

39.    If Plaintiff entered into a payment plan for any of the Debts, then such agreement would constitute a new, enforceable obligation under Louisiana law.  *See Smith v. McKeller*, 638 So. 2d 1192, 1197 (La. App. 1st Cir. 1994).

40.    The Letters therefore misrepresent the character and nature of the Debts by failing to disclose the revivable nature of a time-barred debt in Louisiana.

41.    The Letters are also false and deceptive, because they describe the benefits of a partial payment without disclosing the legal consequences of such a payment in Louisiana.

42.    The purported benefits of putting the Debts "behind" her and "peace of mind" are not benefits at all, because the Debts are already time-barred, and the only thing that could revive a collector's ability to sue on the Debts is making the payments MCM suggests.

43.    The Letters are also misleading and/or deceptive, because they imply that MCM is *choosing* not to sue, when in fact that it is *prohibited* from doing so.

44.    Such omission could cause the least sophisticated consumer to believe they are legally enforceable obligations, especially where the Letters refer to the "offers" as "solutions" that will put the Debts behind her.

45.    The March Letter is also misleading and/or deceptive, because it implies that MCM is *choosing* not to report the Citi Debt, when it could not be legally reported under 15 U.S.C. § 1681c(a)(4). *See* Exhibit C at 9 (showing charge-off date of 11/05/2009).

46.    Upon information and belief, the delinquency that immediately preceded the 11/05/2009 charge-off of the Citi Debt commenced in May 2009.

47.    Upon receiving the Letters, Plaintiff felt harassed, upset, and worried about the legal consequences of failing to make payment.

48.    Defendants first sent Plaintiff a collection letter about the Citi Debt in May 2015, and have therefore been attempting to collect on the same time-barred debt from Plaintiff for almost two years.

49.    Sending collection letters on multiple occasions about the same time-barred debt has the natural consequence of harassing, oppressing, or abusing the recipient.

50.    Sending collection letters on multiple occasions about the same time-barred debt is also an unfair and/or unconscionable collection practice.

## CLASS ALLEGATIONS

51.    Plaintiff repeats and re-alleges all factual allegations above.

52.    Upon information and belief, MCM has sent, on Midland's behalf, collection letters about time-barred debts to more than 40 individuals in Louisiana in the year prior to the filing of this complaint based on the same form or template that it used to send the Target Letter and the Chase Letter and/or the March Letter.

53.    Upon information and belief, MCM has sent letters on multiple occasions, on Midland's behalf, about the same time-barred debt to more than 40 individuals in Louisiana in the year prior to the filing of this complaint based on the same form or template that it used to send the Letters.

7

54.    Plaintiff seeks to represent the following classes of individuals:

**Letter Class**

All individuals in Louisiana to whom Defendant, from one year prior to the filing of this complaint through the date of class certification, sent a letter, in connection with the collection a time-barred debt, based on the same form or template used to send Plaintiff the Target Letter, the Chase Letter, or the March Letter.

**Multiple Letter Sub-Class**

All individuals in the Letter Class to whom Defendant, from one year prior to the filing of this complaint through the date of class certification, sent letters on multiple occasions about the same debt.

55.    The proposed classes specifically exclude the United States of America, the State of Louisiana, counsel for the parties, the presiding United States District Court Judge, the Judges of the United States Court of Appeals for the Fifth Circuit, and the Justices of the United States Supreme Court, all officers and agents of Defendants, and all persons related to within the third degree of consanguinity or affection to any of the foregoing persons.

56.    The classes are so numerous that joinder is impracticable.

57.    The exact number of class members is unknown to Plaintiff at this time and can be ascertained only through appropriate discovery.

58.    The classes are ascertainable in that the names and addresses of all class members can be identified in business records maintained by Defendants.

59.    There exists a well-defined community of interest in the questions of law and fact involved that affect the parties to be represented. These common questions of law and fact predominate over questions that may affect individual

8

class members. Such issues include, but are not limited to: (a) the existence of Defendants' identical conduct particular to the matters at issue; (b) Defendants' violations of the FDCPA; (c) the availability of actual damages and statutory penalties; and (d) attorney's fees and costs.

60.    The claims of Plaintiff are typical of the claims of the classes she seeks to represent, in that the claims of Plaintiff and of the classes originate from the same conduct, practice, and procedure on the part of Defendants. Thus, if brought and prosecuted individually, the claims of each class member would require proof of the same material and substantive facts.

61.    Plaintiff possesses the same interests and has suffered the same injuries as each class member. Plaintiff asserts identical claims and seeks identical relief on behalf of the unnamed class members.

62.    Plaintiff will fairly and adequately protect the interests of the classes and has no interest adverse to or which directly and irrevocably conflicts with the interests of other class members.

63.    The interests of Plaintiff are co-extensive with and not antagonistic to those of the absent class members.

64.    Plaintiff has retained the services of counsel who are experienced in consumer protection claims, as well as complex class action litigation, will adequately prosecute this action, and will assert, protect and otherwise represent Plaintiff and all absent class members.

65.     Class certification is appropriate under Fed. R. Civ. P. 23(b)(1)(A) and 23(b)(1)(B). The prosecution of separate actions by individual members of the class would, as a practical matter, be dispositive of the interests of other members of the class who are not parties to the action or could substantially impair or impede their ability to protect their interests.

66.     The prosecution of separate actions by individual class members would create a risk of inconsistent or varying adjudications with respect to individual members of the class, which would establish incompatible standards of conduct for the parties opposing the class. Such incompatible standards of conduct and varying adjudications, on what would necessarily be the same essential facts, proof and legal theories, would also create and allow the existence of inconsistent and incompatible rights within the class.

67.     Class certification is appropriate under Fed. R. Civ. P. 23(b)(2) in that Defendant has acted or refused to act on grounds generally applicable to the class, making final declaratory or injunctive relief appropriate.

68.     Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) in that the questions of law and fact that are common to members of the class predominate over any questions affecting only individual members.

69.     Moreover, a class action is superior to other methods for the fair and efficient adjudication of the controversies raised in this Complaint in that: (a) individual claims by the class members will be impracticable as the costs of pursuit would far exceed what any one plaintiff or class member has at stake; (b) as a result, very little litigation has been commenced over the controversies alleged in this Complaint and individual members are unlikely to have an interest

10

in prosecuting and controlling separate individual actions; and (c) the concentration of litigation of these claims in one forum will achieve efficiency and promote judicial economy.

### COUNT I
### VIOLATION OF 15 U.S.C. § 1692d
### MCM

70.    Plaintiff repeats and re-alleges each factual allegation above.

71.    MCM violated 15 U.S.C. § 1692d by sending Plaintiff collection letters on multiple occasions about the same time-barred debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)    Certifying this action under Rule 23 and appointing Plaintiff as class representative of the Multiple Letter Sub-Class;

b)    Adjudging that MCM violated 15 U.S.C. § 1692d;

c)    Awarding Plaintiff and the classes she seeks to represent, actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d)    Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(B)(i), in the amount of $1,000.00;

e)    Awarding such amount as the Court may allow for all other class members, without regard to a minimum individual recovery, not to exceed the lesser of $500,000 or 1 percent of the net worth of the debt collector, pursuant to 15 U.S.C. § 1692k(a)(2)(B)(ii);

f)    Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3) and Rule 23;

g) Awarding pre- and post-judgment interest as permissible by law; and

h) Awarding such other and further relief as the Court deems proper.

## COUNT II
## VIOLATION OF 15 U.S.C. § 1692d
## Midland

72.    Plaintiff repeats and re-alleges each factual allegation above.

73.    MCM sent the Letters on Midland's request and instruction.

74.    Midland, by virtue of its status as a "debt collector" under the FDCPA, is liable for the conduct of MCM —the debt collector it retained to collect on its behalf.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Certifying this action under Rule 23 and appointing Plaintiff as class representative of the Multiple Letter Sub-Class;

b) Finding Midland liable for MCM's violations of 15 U.S.C. § 1692d;

c) Awarding Plaintiff and the classes she seeks to represent, actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(B)(i), in the amount of $1,000.00;

e) Awarding such amount as the Court may allow for all other class members, without regard to a minimum individual recovery, not to exceed the lesser of $500,000 or 1 percent of the net worth of the debt collector, pursuant to 15 U.S.C. § 1692k(a)(2)(B)(ii);

f)  Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3) and Rule 23;

g)  Awarding pre- and post-judgment interest as permissible by law; and

h)  Awarding such other and further relief as the Court deems proper.

## COUNT III
## VIOLATION OF 15 U.S.C. § 1692e
## MCM

75.    Plaintiff repeats and re-alleges each factual allegation above.

76.    MCM violated 15 U.S.C. § 1692e by using false, deceptive, or misleading representations or means by sending the Letters on debts known to be time-barred in Louisiana.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)  Certifying this action under Rule 23 and appointing Plaintiff as class representative of the Letter Class;

b)  Adjudging that MCM violated 15 U.S.C. § 1692e;

c)  Awarding Plaintiff and the classes she seeks to represent, actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d)  Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(B)(i), in the amount of $1,000.00;

e)  Awarding such amount as the Court may allow for all other class members, without regard to a minimum individual recovery, not to exceed the lesser of $500,000 or 1 percent of the net worth of the debt collector, pursuant to 15 U.S.C. § 1692k(a)(2)(B)(ii);

f) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3) and Rule 23;

g) Awarding pre- and post-judgment interest as permissible by law; and

h) Awarding such other and further relief as the Court deems proper.

## COUNT IV
## VIOLATION OF 15 U.S.C. § 1692e
### Midland

77. Plaintiff repeats and re-alleges each factual allegation above.

78. Midland, by virtue of its status as a "debt collector" under the FDCPA, is liable for the conduct of MCM —the debt collector it retained to collect on its behalf.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Certifying this action under Rule 23 and appointing Plaintiff as class representative of the Letter Class;

b) Finding Midland liable for MCM's violations of 15 U.S.C. § 1692e;

c) Awarding Plaintiff and the classes she seeks to represent, actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(B)(i), in the amount of $1,000.00;

e) Awarding such amount as the Court may allow for all other class members, without regard to a minimum individual recovery, not to exceed the lesser of $500,000 or 1 percent of the net worth of the debt collector, pursuant to 15 U.S.C. § 1692k(a)(2)(B)(ii);

14

f) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3) and Rule 23;

g) Awarding pre- and post-judgment interest as permissible by law; and

h) Awarding such other and further relief as the Court deems proper.

**COUNT V**
**VIOLATION OF 15 U.S.C. § 1692f**
**MCM**

79.     Plaintiff repeats and re-alleges each factual allegation above.

80.     MCM violated 15 U.S.C. § 1692f by attempting to lure Plaintiff into renouncing the prescription on the Target and Chase Debts, while failing to disclose the legal consequences of renunciation.

81.     Sending multiple letters regarding a time-barred debt is also an unfair or unconscionable practice.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Certifying this action under Rule 23 and appointing Plaintiff as class representative of the Multiple Letter Sub-Class;

b) Adjudging that MCM violated 15 U.S.C. § 1692f;

c) Awarding Plaintiff and the classes she seeks to represent, actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(B)(i), in the amount of $1,000.00;

e) Awarding such amount as the Court may allow for all other class members, without regard to a minimum individual recovery, not to

15

exceed the lesser of $500,000 or 1 percent of the net worth of the debt collector, pursuant to 15 U.S.C. § 1692k(a)(2)(B)(ii);

f) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3) and Rule 23;

g) Awarding pre- and post-judgment interest as permissible by law; and

h) Awarding such other and further relief as the Court deems proper.

## COUNT VI
## VIOLATION OF 15 U.S.C. § 1692f
## Midland

82.     Plaintiff repeats and re-alleges each factual allegation above.

83.     Midland, by virtue of its status as a "debt collector" under the FDCPA, is liable for the conduct of MCM.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Certifying this action under Rule 23 and appointing Plaintiff as class representative of the Multiple Letter Sub-Class;

b) Finding Midland liable for MCM's violations of 15 U.S.C. § 1692f;

c) Awarding Plaintiff and the classes she seeks to represent, actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(B)(i), in the amount of $1,000.00;

e) Awarding such amount as the Court may allow for all other class members, without regard to a minimum individual recovery, not to

exceed the lesser of $500,000 or 1 percent of the net worth of the debt collector, pursuant to 15 U.S.C. § 1692k(a)(2)(B)(ii);

f) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3) and Rule 23;

g) Awarding pre- and post-judgment interest as permissible by law; and

h) Awarding such other and further relief as the Court deems proper.

## TRIAL BY JURY

84.    Plaintiff is entitled to and hereby demands a trial by jury.


DATED May 8, 2017.

/s/ Katherine Z. Crouch
Katherine Z. Crouch
Crouch Law, LLC
LA State Bar No. 34910
2372 St. Claude Ave. Suite 224
New Orleans, LA 70117
Telephone: (504) 982-6995
Facsimile: (888) 364-5882
Katherine.crouch@gmail.com

Correspondence address:
Thompson Consumer Law Group, PLLC
5235 E. Southern Ave. D106-618
Mesa, AZ 85206

Attorneys for Plaintiff Joan Baye