UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JOAN BAYE                                            CIVIL ACTION

V.                                                   NO. 17-4789

MIDLAND CREDIT
MANAGEMENT, INC., ET AL                              SECTION "F"

ORDER AND REASONS

Before the Court is Midland Credit Management, Inc. and Midland Funding, LLC's Federal Rule of Civil Procedure Rule 12(b)(6) motion to dismiss. For the following reasons, the motion is GRANTED.

**Background**

This lawsuit arises out of alleged violations of the Fair Debt Collection Practices Act (FDCPA).

Joan Baye alleges that Midland Funding and Midland Credit Management (MCM) buy expired debts from creditors and then attempt to collect payments on these expired debts from debtors. Specifically, Baye alleges that MCM and Midland sent her three collection letters on expired debts it purchased from creditors. Baye contends that the letters are in violation of the FDCPA standards. The letters included language to entice a debtor into paying these time-barred, or old, debts. For example, the letters include "offers" for 40% off debt and other payment options. In a letter sent to Baye for an old Target debt, the letter also stated:

1

> Benefits of Paying Your Debt
> - Save $1,366.54 if you pay by 03-05-2017-
> -Put this debt behind you –
> -No more communication on this account –
> -Peace of Mind –

Importantly, each of the letters Baye received included the following language:

> The law limits how long you can be sued on a debt and how long a debt can appear on your credit report. Due to the age of this debt, we will not sue you for it or report payment or non-payment of it to a credit bureau.

This language appeared below the signature block of the debt collector in normal-sized font.

In response to these letters, Baye files this lawsuit against MCM and Midland Funding for alleged violations of the FDCPA. Baye alleges that MCM and Midland Funding violated 15 U.S.C. §§ 1692d, 1692e, 1692f. Baye alleges that the letters were deceptive because the letters sought to have debtors pay on old debts without warning debtors that payment would "revive" the old, time-barred debts. Baye also contends that the letters were harassing because MCM and Midland sent three different letters, all pertaining to time-barred debts.

In response to Baye's complaint,[1] MCM and Midland file this motion to dismiss, contending that Baye fails to state a claim upon which relief can be granted.

---

[1] Joan Baye's complaint also asserts class allegations, but at this stage the plaintiff has not moved for a determination of class certification.

I.

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows a party to move for dismissal of a complaint for failure to state a claim upon which relief can be granted. Such a motion is rarely granted because it is viewed with disfavor. See Lowrey v. Tex. A & M Univ. Sys., 117 F.3d 242, 247 (5th Cir. 1997) (quoting Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc., 677 F.2d 1045, 1050 (5th Cir. 1982)).

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009) (citing Fed. R. Civ. P. 8). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. at 678 (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

Thus, in considering a Rule 12(b)(6) motion, the Court "accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" See Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit, 369 F.3d 464 (5th Cir. 2004) (quoting Jones v. Greninger, 188 F.3d 322, 324 (5th Cir. 1999)). But, in deciding whether dismissal is warranted, the Court will not accept conclusory allegations in the complaint as true. Kaiser, 677 F.2d at 1050. Indeed, the Court must first identify allegations that

are conclusory and thus not entitled to the assumption of truth. Iqbal, 556 U.S. at 678-79. A corollary: legal conclusions "must be supported by factual allegations." Id. at 678. Assuming the veracity of the well-pleaded factual allegations, the Court must then determine "whether they plausibly give rise to an entitlement to relief." Id. at 679. It is well established that "pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers. However, regardless of whether the plaintiff is proceeding pro se or is represented by counsel, conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." Taylor v. Books A Million, Inc., 296 F.3d 376, 378 (5th Cir. 2002) (internal quotations and citations omitted).

"'To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" Gonzalez v. Kay, 577 F.3d 600, 603 (5th Cir. 2009) (quoting Iqbal, 556 U.S. at 678) (internal quotation marks omitted). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Twombly, 550 U.S. at 555 (citations and footnote omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

4

misconduct alleged." Iqbal, 556 U.S. at 678 ("The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."). This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 679. "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Id. at 678 (internal quotations omitted) (citing Twombly, 550 U.S. at 557). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief'" thus "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (alteration in original) (citation omitted).

In deciding a motion to dismiss, the Court may consider documents that are essentially "part of the pleadings." That is, any documents attached to or incorporated in the plaintiff's complaint that are central to the plaintiff's claim for relief. Causey v. Sewell Cadillac-Chevrolet, Inc., 394 F.3d 285, 288 (5th Cir. 2004) (citing Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498-99 (5th Cir. 2000)). Also, the Court is permitted to consider matters of public record and other matters subject to judicial notice without converting a motion to dismiss into one

for summary judgment. See United States ex rel. Willard v. Humana Health Plan of Tex. Inc., 336 F.3d 375, 379 (5th Cir. 2003).

II.

The plaintiff alleges that the defendants violated the FDCPA by sending collection letters that were deceptive and coercive. These actions, according to the plaintiff, violated 15 U.S.C. §§ 1692d, 1692e, 1692f. In response, the defendants contend that the plaintiff has not alleged sufficient facts to state a viable FDCPA claim.

"The FDCPA seeks to eliminate 'abusive, deceptive, and unfair debt collection practices' by regulating the type and number of contacts a 'debt collector' can make with a debtor." Brooks v. Flagstar Bank, FSB, No. 11-67, 2011 WL 2710026, at *5 (E.D. La. July 12, 2011) (Vance, J.); 15 U.S.C. § 1692(a). The FDCPA defines "debt collector" as:

> any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. . . . For the purpose of section 1692f(6) of this title, such term also includes any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests.

15 U.S.C. § 1692a(6). The FDCPA regulates debt collectors by prohibiting harassment or abuse in connection with the collection of a debt, prohibiting false or misleading representations in

6

connection with the collection of a debt, and prohibiting unfair or unconscionable means to collect a debt. Id. at §§ 1692d, 1692e, 1692f.

*A.*

Baye first alleges in Counts I and II of her complaint that MCM and Midland violated 15 U.S.C. § 1692d, which prohibits debt collectors from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." Id. § 1692d. "Congress adopted this general language to enable the courts, where appropriate, to proscribe … improper conduct which is not specifically addressed [in § 1692d(1)-(6)]." Masuda v. Thomas Richards & Co., 759 F. Supp. 1456, 1465 (C.D. Cal. 1991) (internal citations omitted) (alteration in original). "The statute also sets out examples of harassment or abuse, including '[t]he use of obscene or profane language,' and '[c]ausing a telephone to ring . . . repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.'" Brooks, 2011 WL 2710026, at *7 (quoting 15 U.S.C. §§ 1692d(2), 1692d(5)) (internal citation omitted). Notably, "[t]he FDCPA does not prohibit a debt collector from contacting a debtor multiple times in an attempt to collect a legitimate debt." Brooks, 2011 WL 2710026, at *7 (citing McVey v. Bay Area Credit Serv., No. 10-359, 2010 WL 2927388, at *2-3 (N.D.

7

Tex. July 26, 2010) (holding multiple phone calls per week seeking payment of debt did not constitute harassment or abuse)).

Here, the only thing the plaintiff alleges that the defendants did was to send "collection letters on multiple occasions about the same time-barred debt." In total, the plaintiff received three collection letters from the defendants. However, the FDCPA, implemented through the courts, makes clear that "[t]he FDCPA does not prohibit a debt collector from contacting a debtor multiple times in an attempt to collect a legitimate debt." Brooks, 2011 WL 2710026, at *7. Moreover, letters "represent the least intrusive means of communicating with debtors." Masuda, 759 F. Supp. at 165 (holding that forty-eight letters referring to the same debt would not constitute harassment). Congress' intent with the FDCPA was to create a balance "between the interests of consumers in freedom from harassment and the interests of ethical debt collectors in freedom from unnecessary restrictions." Pipiles v. Credit Bureau of Lockport, Inc., 886 F.2d 22, 26 (2d Cir. 1989); see also Masuda, 759 F. Supp. at 1466. Based on Congress' objective, "[t]he statute should not foreclose the most innocuous means of collecting debts from delinquent debtors." Masuda, 866 F. Supp. at 1466.

Accordingly, the plaintiff does not, and cannot under the record before the Court, state a viable claim under 15 U.S.C. § 1692d.

*B.*

The plaintiff next alleges that MCM and Midland violated 15 U.S.C. § 1692e, which prohibits the use of "any false, deceptive, or misleading representation or means in connection with the collection of any debt." In her specific counts alleging violation of § 1692e, the plaintiff claims the defendants generally violated § 1692, but the Court must turn to the plaintiff's factual allegations to consider under which subsections she attempts to state a claim for relief. The plaintiff factually alleges that the "letters are also false and deceptive, because they describe the benefits of partial payment without disclosing the legal consequences of such payment in Louisiana." The plaintiff further alleges that the letters are misleading and deceptive because the letters imply that the defendants are "*choosing* not to sue, when in fact [they are] *prohibited* from doing so."

Section 1692e(2)(A) provides for a claim if the collectors make a false representation about "the character, amount, or legal status of any debt[.]" The plaintiff does not make any factual allegations that the defendants falsely represented the character or amount of the debt; therefore, any attempt to make a claim on that premise is without merit.

Without plaintiff's clarity, the Court assumes that the plaintiff makes a claim based on false representation of the legal status of the debts. Moreover, the plaintiff's mention that the

defendants were deceptive because the letters implied the defendants chose not to take legal action when they were prohibited from doing so might be an attempt to make a claim under § 1692e(5). See 15 U.S.C. § 1692e(5) ("The threat to take any action that cannot legally be taken or that is not intended to be taken."). Finally, the plaintiff broadly alleges that the defendants' correspondence: "fail[s] to disclose the revivable nature of a time-barred debt in Louisiana;" and "describe[s] the benefits of partial payment without disclosing the legal consequences of such a payment in Louisiana."

"No case has determined that a debt collector must warn of a potential revival of a time-barred claim, and the relevant administrative agency has explicitly declined to require such a warning, precisely because of the danger of consumer confusion." Boedicker v. Midland Credit Mgmt., Inc., No. 16-2213, 2016 WL 7492465, at *5 (D. Kan. Dec. 30, 2016). Instead, the FTC has approved certain language that collectors can include in its communications when attempting to collect time-barred debts. See id. For example, such language provides:

> If the debt may still be included in a consumer credit report, the debt collector should include the statement: The Law limits how long you can be sued on a debt and how long a debt can appear on your credit report. Due to the age of this debt, we will not sue you for it or report payment or non payment to a credit bureau. If the debt is both time-barred and no longer reportable, the debt collector should state: The Law limits how long you

10

can be sued on a debt. Because of the age of your debt, we will not sue you for it.

Id. (internal quotations and citation omitted). Here, the defendants' language in its collection letters *exactly* matches this FTC-approved language.

Furthermore, "Louisiana courts repeatedly have held that debtors' partial payments on prescribed debts do not operate as a renunciation of prescription." In re Robertson, No. 11-10354, 2014 WL 6967935, at *2 (M.D. La. Bkcy. Dec. 8, 2014) (citing Succession of Aurianne, 53 So. 2d 901 (La. 1951); Succession of Slaughter, 32 So. 379 (La. 1902)). Renunciation requires a new promise to pay an old debt, and "[t]he promise to pay must be a declaration which gives the person to whom it is made the right to expect or claim the performance of a specific act." In re Roberston, 2014 WL 6967935, at *2 (internal quotations and citation omitted). Given Louisiana's law pertaining to the renunciation of debt, the plaintiff "could not have been misled or deceived into reviving the statute of limitations by making a partial payment because [renunciation] was only possible [with] . . . a signed writing . . . ." Tatis v. Allied Interstate, LLC, No. 16-107, 2016 WL 5660431, at *9 (D.N.J. Sept. 29, 2016). The Court observes that the defendants did not deceive the plaintiff because any enticement to pay back the debt did not, and could not under these facts, amount to a revival of a time-barred debt under Louisiana law.

For the foregoing reasons, any attempt the plaintiff makes to state a claim for violation of § 1692e must fail.

*C.*

The plaintiff also alleges that MCM and Midland violated 15 U.S.C. § 1692f, which prohibits "unfair or unconscionable means to collect or attempt to collect any debt." "Whether conduct qualifies as unfair or unconscionable is assessed objectively from the point of view of the 'least sophisticated consumer.'" <u>Miljkovic v. Shafritz & Dinkin, P.A.</u>, 791 F.3d 1291, 1308 (11th Cir. 2015). To state a valid claim under § 1692f, the plaintiff must allege that the debt collector's conduct was unfair or unconscionable "*in addition to* being abusive, deceptive, or misleading." <u>Id.</u> (emphasis in original). Section 1692f's catch-all nature is not a free-for-all. <u>Id.</u>

Here, Baye's only factual allegation that relates to § 1692f reads: Sending collection letters on multiple occasions about the same time-barred debt is also an unfair and/or unconscionable collection practice. In Counts V and VI, the specific counts related to the alleged violation of § 1692f, the plaintiff only expounds by stating: [the defendants] violated 15 U.S.C. § 1692f by attempting to lure Plaintiff into renouncing the prescription on the Target and Chase Debts, while failing to disclose the legal consequences of renunciation. Thus, the plaintiff's allegations for a violation of § 1692f must fail because she does not state a

12

new basis for a § 1692f claim that is separate and apart from other FDCPA alleged violations. See Winberry v. United Collection Bureau, Inc., 697 F. Supp. 2d 1279, 1292 (M.D. Ala. 2010) (explaining that there is "a growing consensus, at least among district courts, that a claim under § 1692f must be based on conduct either within the listed provisions, or be based on conduct which falls outside of those provisions, but which does not violate another provision of the FDCPA"); see also Baker v. Allstate Fin. Serv. Inc., 554 F. Supp. 2d 945, 953 (D. Minn. 2008); Foti v. NCO Fin. Sys., Inc., 424 F. Supp. 2d 643 (S.D.N.Y. 2006).

Not only does Baye fail to allege unconscionable or unfair means for an additional claim under § 1692f, her factual allegations she does allege as violations of § 1692f have already been addressed in this Court's assessment of the validity of her other FDCPA claims. Therefore, even if her allegations did constitute possible § 1692f violations, for the reasons already discussed, the claim must fail because the defendants' letters did not give rise to a possibility of renunciation under Louisiana law. See Miljkovic, 791 F.3d at 1803 ("Looking at the conduct that *is* alleged, we fail to see how the sworn statement . . . was either deceitful or an affront to justice."). Again, here the defendants do not include any deceitful or unconscionable language in the letters sent to Baye. The language included in the letters does not elicit a payment that would revive a time-barred debt, and

13

more importantly, the letters explicitly include FTC-approved language that there can be no legal action taken on the time-barred debt. Even the least sophisticated consumer cannot be deceived by language that pointedly states no legal action can be taken. The plaintiff's contention that this language regarding no legal action can be taken was hidden or buried in the letters is meritless. A cursory review of the letters shows that the language appears directly below the collector's signature in normal-sized font. See Langley v. Weinstein & Riley, P.S., No. 12-1562, 2013 WL 2951057, at *3 (S.D. Tex. June 14, 2013) ("An unsophisticated consumer is not illiterate and can be expected to read the entire collection letter with some care.") (internal quotation and citation omitted). Accordingly, without any basis for unconscionable actions, the plaintiff also fails to state a claim for a § 1962f violation.

IT IS ORDERED: that the defendants' motion to dismiss is hereby GRANTED. The plaintiff's claims are dismissed with prejudice.

New Orleans, Louisiana, August 9, 2017

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE